USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/18/2020

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------- X
:
   UNITED STATES,                                    :
:
:
:
                      -v-                           :            1:16-cr-396-GHW-4
:
:                 ORDER
:
   JEFFREY CHILDS,                           :
:
                         Defendant.   :
:
---------------------------------------------------------------- X

GREGORY H. WOODS, United States District Judge:

      On May 14, 2020, the Court received a letter from Mr. Childs requesting that the Court order his compassionate release to home confinement pursuant to 18 U.S.C. § 3582(c). Dkt. No. 704. Mr. Child's letter cites the fact that "COVID-19 spreads like wildfire over these last months," and cites the challenges facing his institution, and the prison system as a whole, in remedying its effects. Mr. Child's letter acknowledges that his "primary concern isn't merely my own safety," but also his mother's safety given a number of health challenges that she is confronting.

      Mr. Childs is only 31 years old today. Sentencing Transcript, Dkt. No. 431, at 20:6-7. Mr. Childs' letter makes no mention of any particular health concerns of his own that might enhance the risk associated with COVID-19. As the Court noted at the time of his sentencing, "Mr. Childs is blessed with good physical health." *Id.* at 22:22.

      Under 18 U.S.C. § 3582(c)(1)(A), "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [(the "BOP")] to bring a motion on the defendant's behalf," a court may reduce such defendant's sentence if it finds that "extraordinary and compelling circumstances warrant such a reduction," and that "such a

reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the "factors set forth in section 3553(a) to the extent that they are applicable." *Id.* § 3582(c)(1)(A).

Congress tasked the Sentencing Commission with identifying the circumstances that are sufficiently extraordinary and compelling to justify a reduction in sentence. *United States v. Ebbers*, — F. Supp. 3d —, No. (S4) 02 Cr. 1144-3 (VEC), 2020 WL 91399, at *4 (S.D.N.Y. Jan. 8, 2020) (quoting 28 U.S.C. § 994(t)). Relevant here, the Commission's policy statement and its corresponding commentary on § 3582(a)(1)(A) state that a court may reduce a sentence for "extraordinary and compelling reasons," including where the defendant is "suffering from a serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." 1 U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The defendant, however, must not be a danger to the community and the reduction must be consistent with the Commission's policy statement. *Id.* § B1.13(2)–(3).

Mr. Childs' motion does not present "extraordinary and compelling" reasons for Mr. Childs' release. Mr. Childs does not have any particular health concerns that raise the risk associated with COVID-19. As a young man, he is not in a high risk age bracket. While the Court appreciates that Mr. Childs' mother would benefit from his presence, the fact that Mr. Childs' incarceration makes him unavailable to participate in the lives of his family members is not an extraordinary result of his sentence, and does not present a compelling reason for his release. Because Mr. Childs' application does not meet this threshold requirement, the application is denied.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 17, 2020

_____
GREGORY H. WOODS
United States District Judge